## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | | |
|---|---|---|
| **GEORGE MARSHALL LOCKHART,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:22-00140** |
| | ) | **(Criminal No. 3:19-00201)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Supplemental Section 2255 Motion.[2] (Civil Action No. 3:22-00140, Document Nos. 160 and 169.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Id., Document No. 162.)

### FACTUAL AND PROCEDURAL BACKGROUND

**A.    Criminal Action No. 3:19-cr-00201:**

On January 6, 2020, Movant pled guilty without a plea agreement to one count of Conspiracy to Distribute a Quantity of Heroin and a Mixture or Substance Containing a Detectable Amount of Fentanyl in violation of 21 U.S.C. § 846 (Count One), and one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two).

---

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Criminal Action No. 3:19-00201, Document Nos. 100, 102, 103.) On June 3, 2020, the District Court sentenced Movant to a total term of 96 months imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 128 and 129.) The District Court further imposed a $200 special assessment. (Id.)

On June 18, 2020, Movant, by counsel, filed his Notice of Appeal. (Id., Document No. 134.) On appeal, Movant challenged the reasonableness of his sentence. (Id., Document No. 149.) By Per Curiam Opinion entered on February 5, 2021, the Fourth Circuit affirmed the judgment of the District Court. (Id., Document Nos. 149 and 150.)

**B.    Section 2255 Motion:**

On March 18, 2022, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 3:22-00140, Document No. 160.) As grounds for *habeas* relief, Movant challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019) and allegations of ineffective assistance of counsel. (Id.) Specifically, Movant states as follows:

> This is a Rehaif claim. I did not know I was prohibited. My counsel told me I had to say I knew when I did not nor did I possess a gun. My FPD told me I had to say I possessed a gun and that I knew I was a "prohibited person." That was not true. I did not understand the "plea agreement."

(Id.) Additionally, Movant requested permission to amend his Section 2255 Motion to included additional grounds. (Id., Document No. 160, pp. 5 – 7 and Document No. 161.) In support, Movant stated that he had limited access to the law library due to COVID. (Id., Document No. 161.) By Order entered on March 21, 2022, United States District Judge Robert C. Chambers granted Movant's Motion to Amend and directed that Movant file his Amended Section 2255 Motion by April 18, 2022. (Id., Document No. 164.) Following the granting of two extensions of time,

2

Movant filed his Supplemental Section 2255 Motion on June 30, 2022. (Id., Document Nos. 165

– 169.) In the Supplemental Section 2255 Motion, Movant asserts the following grounds:

(1)     This is a <u>Rehaif</u> claim of ineffective assistance of counsel. I did not make
        my plea knowingly and voluntarily.

(2)     Ineffective Assistance of Counsel. I did not make my plea knowingly and
        voluntarily.

(3)     The trial court failed to sentence me pursuant to the First Step Act.

(4)     The Court erred as the enhancements are incorrect.

(5)     The Indictment is faulty.

(6)     Ineffective assistance of counsel. This accusation covers Grounds 1 through
        5.

(Id., Document No. 169.)

By Order entered on July 1, 2022, the undersigned directed court appointed counsel,

Federal Public Defender ("FPD") Wesley P. Page, to file an affidavit responding to Movant's

claims of ineffective assistance of counsel and the United States to file its Answer. (Id., Document

No. 170.) On July 26, 2022, FPD Page filed his Affidavit. (Id., Document No. 171.) On September

13, 2022, the United States filed its Response in Opposition to Movant's Section 2255 Motion and

Supplemental Motion. (Id., Document No. 172.) On October 17, 2022, Movant filed his Reply.

(Id., Document No. 174.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed in
violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the sentence was in excess of
the maximum authorized by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set aside or correct the

3

sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

1.    **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

A court must hold an evidentiary hearing on a Section 2255 Motion "[u]nless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Generally, whether to hold an evidentiary hearing is left to the sound discretion of the district court. Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). When a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary to resolve the issue, an evidentiary hearing is required. See Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); also see Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). There, however, "is no prohibition against a court making credibility determinations based on competing affidavits in certain circumstances." Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007)("Choosing between conflicting affidavits without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events."); also see United States v. Perez, 393 F.3d 457, 464 (4th Cir. 2004)(a court may discount "unsupported, conclusory statements" in an affidavit). The Fourth Circuit has explained that although a district court has before it conflicting affidavits, no evidentiary hearing is required where such would add nothing to the proceedings. United States v. Barsanti, 943 F.2d 428, 440 (4th Cir. 1991); also see United States v. Santana, 263 Fed.Appx. 334, 335 (4th Cir. 2008)("[I]t is not per se error for a district court to make credibility determinations on the basis of conflicting affidavits . . ."). "Holding an evidentiary hearing in those cases merely for the sake of holding an evidentiary hearing would squander scarce judicial resources that may be better utilized elsewhere." Dryer v. United States, 2016 WL 1019438, * 6 (S.D.W.Va. Feb. 19, 2016).

Based upon a review of the entire record and the affidavits, the undersigned finds that the above case is one where an evidentiary hearing is not required. The undersigned notes Movant's

Affidavit on the foregoing issues is vague and conclusory, while FPD Page's statements are much more detailed (See Civil No. 3:22-00140, Document No. 171 and Document No. 174, , pp. 4 - 5.) Movant's vague, conclusory, and self-serving statements are less credible than the more detailed version provided by FPD Page. The undersigned further notes that Movant's sworn Affidavits is contradictory to sworn statements made during his Plea Hearing. Additionally, FPD Page's Affidavit is consistent with Movant's sworn statements as made during the Plea Hearing.

> **A.    Counsel's alleged ineffectiveness regarding Movant's "<u>Rehaif</u> claim" and unknowing and involuntary plea.**

In his Motion and Supplemental Motion, Movant alleges that he is asserting a "<u>Rehaif</u> claim" based upon ineffective assistance of counsel. (Civil Action No. 3:22-00140, Document Nos. 160 and 169.) Movant states that his plea was not "knowingly and voluntary." (<u>Id.</u>) Movant explains that he did not know he was a "prohibited person and [his] defense counsel told [him] that [he] had to say to the court that [he] knew [he] was a 'prohibited person' and that [he] possessed a gun." (<u>Id.</u>) Movant states "[t]his was not true." (<u>Id.</u>) Movant alleges that he "did not know [he] was a prohibited person nor did [he] possess a gun." (<u>Id.</u>) Movant states that he "did not understand the 'plea agreement.'" (<u>Id.</u>) Finally, Movant argues that the Indictment was faulty because all elements were not charged as required by <u>Rehaif</u>. (<u>Id.</u>)

In his Affidavit, FPD Page first states that he "spent a great deal of time with [Movant] reviewing discovery and discussing plea negotiation strategy, with a total of ten (10) meetings at Carter County Detention Center taking place prior to the guilty plea hearing." (<u>Id.</u>, Document No. 171, p. 4.) FPD Page explains that it is his "practice to review, line-by-line, the plea colloquy of the presiding district judge prior to a client signing a plea agreement or filing a motion to schedule a guilty plea hearing 'straight up' to an indictment." (<u>Id.</u>) FPD Page states that "[during those

meetings, including the meeting with [Movant], counsel does not tell the client that he or she must say anything – it is explained that the decision as to whether to plead guilty or go to trial is the client's decision alone." (Id.) FPD Page asserts that he "does explain, and reviews in detail by reviewing the transcript from a previous guilty plea hearing before the presiding judge, that before the Court will accept a guilty plea, the judge will ask a number of questions to satisfy him- or her-self that the defendant is competent, that he understands the nature of the charges against him and the consequences of pleading guilty, that he understands the constitutional and other legal rights he gives up by pleading guilty, that there is a factual basis for the plea, and that the plea is voluntary." (Id., pp. 5 – 6.) Specific to Movant, FPD Page states he "would have explained to [Movant] that if he wished to plead guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), then he would have to admit, under oath and in open court, that he knew he had a prior conviction punishable by a term of imprisonment exceeding one year, and that he knowingly possessed the gun." (Id., p. 5.) FPD Pages notes that relevant to the issue of whether Movant had a qualifying prior conviction, Movant (1) "served approximately 6 years before making parole following a 1996 conviction in Detroit, Michigan, for Assault with Intent to do Great Bodily Harm Less than Murder and Weapons – Felony Firearm," and (2) "served almost 5 years in prison following a 2010 guilty plea to Voluntary Manslaughter in Cabell County, West Virginia." (Id.) As on the foregoing, FPD Page acknowledges that he would have explained to Movant "that he could not plausibly deny this element." (Id.) As to Movant's possession of a gun, FPD Page states that he "would have explained the concept of constructive possession to [Movant] prior to any decision to plead guilty." (Id.) FPD Page notes that "[t]he gun was found in the console of the couch (along with his ID) where [Movant] was observed to be sitting when

8

police entered the house with a search warrant." (Id.) FPD Page contends "[t]hose facts support a plea to being a felon in possession of a firearm based on a theory of constructive possession." (Id.) FPD Page asserts that "based on the law and the facts, counsel explained to [Movant] what options he had and what would be required of him if he wished to plead guilty." (Id., p. 6.) FPD Page states that he "exerted no pressure on [Movant] to plead guilty or admit facts that were untrue or could not be proven in order to talk him into pleading guilty against his will." (Id.)

In Response, the United States argues that Movant cannot establish ineffective assistance of counsel because Movant has failed to show that FPD Page's performance was deficient. (Id., Document No. 172, pp. 4 – 6.) The United States explains that Movant's Indictment was returned after the United States Supreme Court rendered its decision in Rehaif. (Id., p. 7.) The United States notes that Count Two of the Indictment included the relevant language required under Rehaif. (Id.) Thus, the United States argues that the Indictment returned against Movant was not defective because it "properly alleges all the elements of possession of a firearm by a prohibited person under § 922(g)(1)." (Id., pp. 7 – 8.) Second, the United States argues that Movant's claim that he is actually innocent of violating Section 922(g)(1) because he lacked knowledge that he belonged to a category of persons barred from possessing a firearm is without merit. (Id., p. 8.) The United States explains that the record clearly demonstrates that Movant "was fully aware that knowledge of status is a required element under § 922(g)(1)." (Id., pp. 8 – 11.) The United States asserts that the record belies Movant's claim that his plea was not knowingly and voluntarily. (Id.) The United States notes that FPD Page's Affidavit explains that the elements for a Section 922(g) conviction were thoroughly explained to Movant. (Id., p. 11.) The United States further notes that the Court explained each element to Movant prior to accepting his guilty plea. (Id., pp. 11 – 12.) Thus, the

9

United States contends that the "record reflects that [Movant] was fully apprised of and understood all of the elements of his offense, including the knowledge element, before his guilty plea was entered." (Id., p. 12.) The United States further states that "[t]he record also demonstrates that [Movant] admitted to the knowledge element at issue." (Id.) The United States, therefore, concludes that Movant's guilty plea was made knowingly and voluntarily and "Rehaif affords [Movant] no relief in his knowledge argument." (Id.)

In Reply, Movant fails to address the arguments made by the United States. (Id., Document No. 174.) Instead, Movant argues for the first time that the "Government has brought forth an ex post facto violation." (Id., pp. 1 – 2.) Movant argues that the date of his offense was May 2019, which was prior to the Supreme Court's decision in Rehaif. (Id.) Thus, Movant concludes that "[t]he knowledge status element (felon) was not known to [Movant] at the time of the offense so to make criminal of conduct prior to Rehaif violates ex post facto." (Id., pp. 1 – 2.)

In his Affidavit, Movant first states that the date of his offense was in May 2019, prior to the ruling of Rehaif. (Id., p. 4.) Second, Movant states that he "did not know he belonged to a class of persons barred from possessing a firearm, nor did [Movant] have a hearing to determine if he was a person banned from possessing a firearm." (Id.) Finally, Movant states that "[n]o court ever put [Movant] on notice that he was part of a certain class of people who are prohibited from possessing a firearm." (Id., p. 5.)

The undersigned finds that Movant's above argument that FPD Page acted ineffectively regarding his "Rehaif claim," is without merit. The Supreme Court decided Rehaif on June 21, 2019, which was prior to Movant's Indictment on August 14, 2019. In Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that

10

he knew he belonged to the relevant category of persons barred from possessing a firearm. <u>Rehaif</u> <u>v. United States</u>, 588 U.S. 225, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019). The prosecution for unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) has always required proof that the defendant was ineligible to possess a firearm if he fell within one of the categories of prohibited persons described in Section 922(g). <u>Id.</u> After <u>Rehaif</u>, the government is also required to prove that the defendant "knew he fell within the relevant status (that he was a felon . . .)" when the possessed the firearm. <u>Id.</u>, 588 U.S. at 227, 139 S.Ct. at 2194. A review of the Indictment reveals that Count Two properly alleged all the elements required by <u>Rehaif</u>. Specifically, Count Two of the Indictment charged Movant as follows:

> 1.      On or about May 7, 2019, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant GEORGE MARSHALL LOCKHART also known as "G-Ride," also known as "G-Rod," also known as "Real," knowingly possessed a firearm, that is, a .45 caliber Smith & Wesson handgun, in and affecting interstate commerce.

> 2.      At the time defendant GEORGE MARSHALL LOCKHART also known as "G-Ride," also known as "G-Rod," also known as "Real," possessed the aforesaid firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about January 14, 2011, in the Circuit Court of Cabell County, West Virginia of the felony offense of Voluntary Manslaughter in violation of W.Va. Code § 61-2-4.

> In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(Criminal Action No. 3:19-00201, Document No. 1, p. 3.) The undersigned finds that Movant's Indictment properly alleged all elements as required by <u>Rehaif</u>. Thus, the Indictment returned against Movant was not defective in light of <u>Rehaif</u> and FPD Page was not ineffective in failing to assert a "<u>Rehaif</u> claim."

Next, the undersigned considers Movant's claim that he is actually innocent of Count Two

11

because Movant did not know he was a prohibited person and he did not possess a firearm. Movant contends that FPD Page was ineffective because FPD Page told Movant he would have "to say to the court that [he] knew [he] was a 'prohibited person' and that [he] possessed a gun." In this undisputed Affidavit, FPD Page states he "would have explained to [Movant] that if he wished to plead guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), then he would have to admit, under oath and in open court, that he knew he had a prior conviction punishable by a term of imprisonment exceeding one year, and that he knowingly possessed the gun." (Civil Action No. 3:22-00140, Document No. 171, p. 5.) FPD Page, however, states that he "exerted no pressure on [Movant] to plead guilty or to admit facts that were untrue or could not be proven in order to talk him into pleading guilty against his will." (Id.) Additionally, a review of the record contradicts Movant's claim that he is actually innocent because Movant did not know he was a prohibited person and he did not possess a firearm. During the Plea Hearing, the District Court ensured that Movant's guilty plea was both intelligent and voluntary. (Criminal Action No. 3:19-00201, Document No. 139, p. 6.) During the Rule 11 colloquy, Movant confirmed he fully understood the proceedings and was completely satisfied with his attorney. (Id., pp. 4 – 5.) The District Court thoroughly reviewed the terms of the plea with Movant and he acknowledged that he understood the terms and consequences of signing the plea of guilty to the Indictment. (Id., pp. 5 – 6.) The District Court read the Indictment to Movant and thoroughly explained to Movant the elements the United States would have to prove beyond a reasonable doubt to convict Movant of Counts One and Two. (Id., pp. 4 – 7, 11 – 12.) Movant affirmed he understood all elements, believed he was guilty of both counts, and Movant set forth in his own words what he did to make him guilty of both Counts. (Id., pp. 7 – 14.) Regarding the factual basis to support Count Two

12

(Felon in Possession of a Firearm), the following colloquy occurred between the District Court and Movant:

| | |
|---|---|
| THE COURT: | What did you do that makes you guilty of Count Two? |
| THE DEFENDANT: | I was staying at 23rd Street and had a firearm in the house. |
| THE COURT: | Is that 23rd Street here in Huntington, Cabell County, West Virginia? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And what kind of firearm did you have? |
| THE DEFENDANT: | A 45-caliber. |
| THE COURT: | All right. And on what date were you in possession of this firearm? |
| THE DEFENDANT: | May 7, 2019. |
| THE COURT: | All right. So on May 7, 2019, you were - - was that an apartment or a house or something? |
| THE DEFENDANT: | A house. |
| THE COURT: | All right. So you were at a house here in Huntington. Did you have this firearm literally in your possession on you? |
| THE DEFENDANT: | No. |
| THE COURT: | Were you keeping it there? |
| THE DEFENDANT: | No. |
| THE COURT: | Well - - |
| THE DEFENDNAT: | Oh, was I keeping it at the house? |
| THE COURT: | Yes. |
| THE DEFENDANT: | Yes. |

| | |
|---|---|
| THE COURT: | Were you living in the house? |
| THE DEFENDANT: | From time to time. |
| THE COURT: | From time to time? All right. Did the police come that day? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And they found the gun? |
| THE DEFEDANT: | Yes. |
| THE COURT: | So this was your gun? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And had you previously been convicted in Cabell County Circuit Court of voluntary manslaughter back in 2011? |
| THE DEFENDNAT: | Yes. |
| THE COURT: | And as a result, you knew you were not allowed to possess a firearm? |
| THE DEFENDANT: | Yes. |
| THE COURT: | But you did know on this day in May that you were in possession of a firearm? |
| THE DEFENDANT: | Yes. |

(Id., pp. 14 – 16.) Thus, Movant clearly admitted under oath during the plea colloquy that he knew at the time he possessed the firearm that he belonged to a category of persons barred from possessing a firearm. The foregoing clearly contradicts Movant's self-serving claim that he did not possess a gun or know that he was a "prohibited person" at the time he allegedly possessed the gun. The Fourth Circuit has recognized that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily

relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated - 'permit[ting] quick disposition of baseless collateral attacks." United States v. LeMaster, 403 F.3d 216, 220 (4th Cir. 2005). Movant further affirmed during the Rule 11 colloquy that his guilty plea was voluntary. (Criminal Action No. 3:19-00201, Document No. 139, p. 28.) Specifically, the following colloquy occurred between the District Court and Movant:

> THE COURT:  Has anyone forced you, threatened you or talked you into pleading guilty against your will?
>
> THE DEFENDANT: No.
>
> THE COURT:  Are you acting voluntarily - -
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT:  - - and of your own free will in entering this guilty plea?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT:  Is pleading guilty your own idea?
>
> THE DEFENDANT: Yes.
>
> THE COURT:  Has anyone promised you something or told you - -
>
> THE DEFENDANT: No.
>
> THE COURT:  - - anything different from what we have discussed here in court today to get you to plead guilty?
>
> THE DEFENDANT: No.

(Id.) Based upon the foregoing, the undersigned finds that the record reveals that Movant's plea of guilty was made voluntarily and knowingly. Furthermore, there is no Rehaif violation as Movant clearly admitted the knowledge element regarding his felon in possession of a firearm conviction.

Accordingly, the undersigned respectfully recommends that Movant's above claims be denied.

> **B.    Alleged ineffectiveness regarding the First Step Act.**

In his Supplemental Section 2255 Motion, Movant states that the "trial court failed to sentence me pursuant to the First Step Act" and counsel was ineffective regarding the foregoing. (Civil Action No. 3:22-00140, Document No. 169, p. 2.) In support, Movant states that "[i]f <u>Glover</u> and the (FSA) had been followed I would have received a more favorable sentence. The FPD allowed this to occur when he should not of done so." (<u>Id.</u>)

In his Affidavit, FPD Page first explains that the First Step Act was signed into law on December 21, 2018. (<u>Id.</u>, Document No. 171, p. 8.) FPD Pages, therefore, states that the provisions of the First Step Act had been "completely implemented" at the time of Movant's sentencing "such that [Movant] received the full benefit of any provision to which he was entitled without the need for additional action on the part of undersigned counsel." (<u>Id.</u>) Finally, FPD Page states that he is "unfamiliar with *Glover v. United States*" and "[a]bsent additional information regarding *Glover* (such as a legal citation) or the provision of the First Step Act of which [Movant] believes he was deprived, counsel is unable to more fully respond to this ground." (<u>Id.</u>)

In Response, the United States notes that Movant "does not state why or how the First Step Act should have been applied at his sentencing." (<u>Id.</u>, Document No. 172, p. 12.) The United States contends that since the First Step Act "had been implemented by [Movant's] sentencing, no action was required of Attorney Page." (<u>Id.</u>) Movant failed to address the foregoing in his Reply. (<u>Id.</u>, Document No. 174.)

In the instant case, Movant asserts no facts supporting this claim of ineffective assistance of counsel or explains how the District Court erred in regards to First Step Act. Movant's

conclusory allegation regarding the First Step Act is insufficient. A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how counsel acted ineffectively and how Movant was prejudiced by such conduct. The Fourth Circuit has recognized that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013)(citing United States v. Thomas, 221 F.3d 430, 437 (3rd Cir. 2000)); also see Blackledge v. Allison, 431 U.S. 63, 74,  97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1997)(the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal"); United States v. Hawkins, 531 Fed.Appx. 342, 345 (4th Cir. 2014)(citation omitted)("Conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."); United States v. McClellan, 2017 WL 2822315 (3rd Cir. Jan. 3, 2017)(finding petitioner's conclusory allegations of the ineffective assistance of counsel were insufficient); United States v. Faria, 268 Fed.Appx. 730 (10th Cir. 2008)(conclusory allegations of ineffective assistance of counsel were insufficient to warrant habeas relief); Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995)(finding habeas relief was unwarranted based on "conclusory allegations which are not supported by a statement of specific facts"); Andiarena v. United States, 967 F.2d 715, 719 (1st Cir. 1992)(finding summary dismissal appropriate where petitioner's claim was "wholly conclusory"). The undersigned notes that at the time of the filing of Movant's Section 2255 Motion, Movant requested additional time to amend or supplement his Section 2255 Motion. Importantly, Movant's Motion to Amend was granted and Movant filed his Supplemental Section 2255. (Civil Action No. 3:22-00140, Document Nos. 164, 166, 168, 169.) Thus, the record is void

of any indication that Movant's ability to supplement his Section 2255 has been inhibited since the filing of his Section 2255 Motion. Movant's above claims of erroneous sentencing under the First Step Act and ineffective assistance of counsel are conclusory and fail to state a cognizable claim. Based upon the foregoing, the undersigned respectfully recommends that Movant's above claims be dismissed.

### C.    Alleged ineffectiveness as to sentencing enhancements.

In his Supplemental Section 2255 Motion, Movant states that the "Court erred as the enhancements are incorrect" and counsel was ineffective regarding the foregoing. (Civil Action No. 3:22-00140, Document No. 169, p. 2.) In support, Movant states as follows: "Both charges used as predicates to enhance my sentence are too broad to categorize as violent crimes pursuant to United States v. Mathis, divisibility issues. See Borden v. United States, mens rea. I should not been the category the court came to in its final determination." (Id.)

In his Affidavit, FPD Page first explains that he "understands this ground as relating to the calculation of [Movant's] Base Offense Level of 24 under U.S.S.G. § 2K2.1(a)(4)(A) based on his prior convictions of Assault with the Intent to do Great Bodily Harm Less than Murder in Michigan in 1996 and Voluntary Manslaughter in West Virginia in 2010." (Id., Document No. 171, p. 9.) Citing Raybon v. United States, 867 F.3d 625 (6th Cir. 2017), FPD Page contends that at the time of Movant's sentencing it was well established by the Sixth Circuit that Assault with the Intent to do Great Bodily Harm Less than Murder in violation of Mich. Comp. Laws § 750.84(1)(a) was "a specific intent crime that categorially qualifies as a crime of violence under the Sentencing Guidelines." (Id.) Concerning Movant's Voluntary Manslaughter conviction, FPD Page states that "that crime is an enumerated offense as set forth in U.S.S.G. § 4B1.2(a)(2)." (Id.) FPD Page

18

contends that he is "unaware of any case law, binding or otherwise, that would call either of those positions into question." (Id.) As to Movant's citation to <u>Borden</u>, FPD Page notes that <u>Borden</u> was noted decided until well after Movant's sentencing and such could not give rise to an ineffective assistance of counsel claim. (Id.) Furthermore, FPD Page states that "even if *Borden* had been decided prior to [Movant's] sentencing, it would be of no help to him" because "*Borden* held that offenses with a mens rea recklessness do not qualify as violent felonies under the Armed Career Criminal Act." (Id., pp. 9 – 10.) FPD Page notes that <u>Borden</u> is inapposite because neither of Movant's "predicate convictions can be committed with a mens rea of recklessness." (Id., p. 10.)

In Response, the United States argues that Movant's claim that "the enhancements are incorrect" is without merit. (Id., Document No. 172, pp. 12 - 13.) Citing <u>Raybon</u>, the United States argues that Movant's Michigan conviction for Assault with Intent to do Great Bodily Harm Less than Murder is a specific intent crime that qualifies as a crime of violation under the Sentencing Guidelines. (Id., p. 13.) As to Movant's predicate conviction for Voluntary Manslaughter, the United States notes that such is an enumerated offense as set forth in U.S.S.G. § 4B1.2(a)(2). (Id.) Therefore, the United States concludes that Movant's above claim is without merit because the Court applied the correct offense level based upon Movant's prior convictions. (Id.)

In Reply, Movant argues that "the 2 point enhancement for having a firearm during the commission of a felony was erroneously applied because it was already calculated in the Criminal History score." (Id., Document No. 174, p. 2.)

The undersigned finds that Movant's challenge to his "sentence enhancements" is without merit. To the extent Movant is challenging his Base Offense Level as to his Felon in Possession of a Firearm offense, the undersigned will consider whether the District Court erred and FPD Page

was ineffective in his representation. The record reveals that the District Court determined Movant had a Base Offense Level of 24 because Movant had at least two felony convictions involving a crime of violence: (1) An October 11, 1996 conviction in Michigan for Assault with Intent to do Great Bodily Harm Less than Murder; and (2) A December 7, 2010 conviction in West Virginia for Voluntary Manslaughter. (Criminal Action No. 3:19-00201, Document No. 132, p. 9.) As explained by FPD Page and the United States, Raybon was decided in 2017 prior to Movant's sentencing. Raybon clearly held that a prior Michigan conviction for assault with intent to do great bodily harm less than murder qualifies as a crime of violence. Raybon, 867 F.3d at 632. Additionally, voluntary manslaughter is an enumerated crime of violence offense under U.S.S.G. § 4B1.2(a)(2). See U.S.S.G. § 4B1.2(a)(2). The undersigned, therefore, finds that Movant's claim that the District Court erred or that FPD Page was ineffective regarding the determination of the Base Offense Level for his Felon in Possession of a Firearm offense, is without merit. To the extent Movant is arguing that his two prior convictions for crimes of violence (Assault with Intent to do Great Bodily Harm Less than Murder and Voluntary Manslaughter) were improperly used to determine both his Base Offense Level for Count Two (Felon in Possession of a Firearm) and his Criminal History Score, such an argument is without merit. The Guidelines permit the district court to consider a defendant's prior felony convictions in calculating both his offense level under Section 2K2.1(a) and his criminal history category. See U.S.S.G. § 2K2.1, Comment No. 10(noting that prior felony conviction(s) resulting in an increased base offense level under Section 2K2.1(a)(1), (a)(2), (a)(3), (a)(4)(A), (a)(4)(B), or (a)(6) are also counted for purposes of determining criminal history points); also see United States v. Lopez, 70 F.4th 325 (5th Cir. 2023)(finding that the district court's use of defendant's prior robbery conviction both to

enhancement his base offense level and to increase his criminal history score did not amount to impermissible double counting); United States v. Dawkins, 161 Fed.Appx. 260, 261 (4th Cir. 2006)(stating that "double counting is permissible under the federal sentencing guidelines except where it is expressly prohibited"). Based upon the foregoing, the undersigned respectfully recommends that Movant's above claims regarding his "sentencing enhancements" be denied.

**2.     Ex Post Facto Clause Violation:**

In his Reply, Movant asserts an Ex Post Facto Clause violation. (Civil Action No. 3:22-00140, Document No. 174.) Movant argues Rehaif retroactively criminalized his conduct by changing the scope of Sections 922(g) and 924(a)(2). (Id.) First, the undersigned notes that Movant inappropriate asserts this claim for the first time in his Reply. Second, such a claim would be procedurally barred. It is undisputed that Movant did not file a direct appeal asserting his Ex Post Facto Clause claim based on Rehaif. The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral

attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Movant has neither established cause and actual prejudice resulting nor demonstrate that a miscarriage of justice would result from the refusal of the court to consider the claim. Notwithstanding the foregoing, the undersigned finds that Movant's Ex Post Facto Clause claim is without merit. As explained above, Rehaif merely clarified the government's burden to obtain a conviction under Sections 922(g) and 924(a)(2). Rehaif did not change the categories of persons who could be prosecuted under Section 922(g). United States v. Renteria, 2022 WL 2833978, * 3 (S.D.Cal. July 20, 2022)(rejecting defendant's argument that when he committed the alleged crime, "it was in a pre-*Rehaif* environment . . . and [*Rehaif*] changed the way new § 922(g) cases needed to be worded" resulting in an ex post facto

violation); <u>Mathis v. United States</u>, 2021 WL 1783285, * 3 (D.N.J. May 5, 2021)(stating that *Rehaif* merely creates "a procedural rule clarifying the Government's burden to obtain a conviction under § 922(g)" and not the class of people covered by the statute); <u>United States v. Whitmire</u>, 2020 WL 4333480, * 2 (S.D. Ohio July 28, 2020)("*Rehaif* does not change at all those persons who can be prosecuted under § 922(g) . . . [T]he same class of people now as before *Rehaif* is prohibited from possessing a firearm . . . ."). Since <u>Rehaif</u> did not change the categories of persons who could be prosecuted under Section 992(g), <u>Rehaif</u> did not criminalize Movant's actions in violation of the Ex Post Facto Clause. Based upon the foregoing, the undersigned respectfully recommends that Movant's above claim be denied.

## **<u>PROPOSAL AND RECOMMENDATION</u>**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Supplemental Section 2255 Motion (Document Nos. 160 and 169) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written

objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L.Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: September 16, 2024.



Omar J. Aboulhosn
United States Magistrate Judge